**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JARED WAYNE COCHRAN,**

        **Plaintiff,**

**-vs-**                                         **Case No. 6:15-cv-662-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

_____

**MEMORANDUM OPINION AND ORDER**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Supplemental Security Income. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff protectively filed an application for benefits on May 7, 2014, alleging disability beginning April 2, 2013 (R. 13, 137-42). The agency denied Plaintiff's application initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ"). On December 31, 2014, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R.10-23). Plaintiff requested further administrative review, and the Appeals Council ultimately denied the request (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his Complaint (Doc. 1), and the parties consented to the jurisdiction of the United States Magistrate Judge. The matter is fully briefed and ripe for review pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to Major Depressive Disorder, Bipolar Disorder, and "Possible Aspergers" (R. 170).

*Summary of Evidence Before the ALJ*

Plaintiff was twenty-five years old at the time of his application, with an associate's degree in graphic design and no past relevant work (R. 31, 137, 171).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records, the record includes Plaintiff's testimony and that of his father. The record also includes the testimony of a Vocational Expert, written forms and reports completed by Plaintiff and his mother, and the opinions of two non-examining state agency consultants. By way of summary, the ALJ determined that Plaintiff had the severe impairment of an affective disorder (20 CFR 416.920(c))(R. 15), but through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 15-16). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels, but with the following nonexertional limitations: understand, remember and carry out simple instructions and perform simple routine tasks. The claimant can have occasional interaction with coworkers and the public.

(R. 16).

The ALJ determined that Plaintiff had no past relevant work (R. 20); however, with the assistance of the Vocational Expert, found that other work existed in significant numbers that Plaintiff could perform (R. 20-21). Therefore, the ALJ found Plaintiff was not disabled through the date of the decision (R. 21-23).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff asserts that the ALJ failed to state the weight he assigned to any of the medical opinions in the record; failed to consider the testimony of his father, a lay witness; improperly relied on the testimony of the Vocational Expert, which was based on an incomplete hypothetical; and failed to make an adequate credibility finding. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Evaluating Medical Opinions*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r, Soc. Sec. Admin.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion,

whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. *Lewis,* 125 F.3d at 1440.   By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. *See* 20 C.F.R. § 404.1527(c)(2); *Crawford v. Comm'r, Soc. Sec. Admin.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (noting a one-time examiner's opinion is not entitled to great weight). Nonetheless, all opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. §§ 404.1527, 416.927, and *Winschel*.

Plaintiff contends that the ALJ "failed to weigh the opinions of any of the medical providers" and it is therefore "not clear how the ALJ reached his conclusion[s]" (Brief, p. 7). As recognized by the Commissioner, however, Plaintiff does not identify any opinion that was not properly considered.

Plaintiff's treatment records consist of less than one hundred pages, reflecting a brief hospitalization after he failed to take his psychotropic medication for more than two months and then routine medication management. In his decision, the ALJ accurately set forth the treatment records, in detail (R. 17-19), credited Plaintiff's diagnosis at step two of the sequential analysis, and formulated the RFC, which included certain non-exertional mental limitations.  The treatment notes do not contain a specific assessment of work-related limitations and Plaintiff does not identify any aspect of these notes that he feels was overlooked.   To the extent the notes contained Global Assessment of Functioning ("GAF") scores, which could reflect an opinion of the providers as to

-5-

Plaintiff's functioning, the ALJ explicitly noted the scores (which ranged from 30 to 62) in his summary (R. 17-19), and discounted the low scores, as being inconsistent with Plaintiff's reported activities of daily living:

> The claimant did very well when he was treated at Peace River Center and his mood was stable. Vocational rehabilitation was discussed to continue his education. (Exhibit IF/I). His GAF was measured at 60 indicating moderate symptoms of social and occupational functioning. He has been treated at Lakeside Behavioral Healthcare in late 2013 and in 2014. (Exhibits 3F, 4F and SF). Though his GAF scores appear lower, these do not reflect the claimant's activities of daily living. The claimant is able to take care of his personal needs. He is able to cook and lasagna is his specialty. He drives a few hours a day. He goes to the store, the mall and is able to use his computer daily. He does have some friends, but more recently prefers to be alone. However, he is able to go to church and the movies every few months with his family. The claimant goes to the YMCA to swim. He is able to vacuum, clean the bathroom, and do yard work. (Exhibits 6E and 7E). The claimant testified that he has looked for work. These activities do not support the low GAFs at Lakeside.

(R. 20). The discounting of the GAF scores is supported by the substantial evidence cited. Moreover, while not a treating source, the ALJ considered and credited the opinions of two non-examining state agency psychologists (R. 19-20). Plaintiff's contention that the opinion evidence was not appropriately evaluated is without support.

*Lay witness testimony*

At the administrative hearing, the ALJ heard testimony from Plaintiff's father (R. 44) and summarized that testimony in his decision (R. 19). Citing *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990), Plaintiff argues that the testimony of a family member is evidence of a claimant's symptoms, and contends it was error for the ALJ to fail to state the weight, if any, he accorded to Mr. Cochran's testimony.

The testimony of Plaintiff and his father were similar in many aspects. Both testified as to Plaintiff's sadness and lack of motivation; lack of socialization; use of marijuana; and struggles with daily activities. The ALJ noted and summarized the testimony of Plaintiff, summarized the testimony of Mr. Cochran (R. 19), and immediately following noted: "After careful consideration of the

evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision" (R. 19).   Thus, it appears that the ALJ did, indeed, consider Mr. Cochran's testimony as evidence of his son's symptoms. Even if it was not explicit, the implicit weight given to the testimony of Mr. Cochran is "obvious to the reviewing court." *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983).  To the extent Mr. Cochran's testimony is consistent with Plaintiff's testimony, his testimony is cumulative and, as the ALJ explicitly discounted Plaintiff's allegations, it is "obvious" that the ALJ implicitly rejected the similar testimony.  *See De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014) ("Because it was cumulative of the other evidence in the record and . . . the ALJ properly considered the medical evidence in the record and her own testimony, the fact that the ALJ did not separately discuss the report [of claimant's husband] or provide specific reasons for not relying upon it is harmless.")*; Osborn v. Barnhart,* 194 F. App'x 654, 666 (11th Cir. 2006) ("while the ALJ could have mentioned Mrs. Osborn's statements, we conclude that the ALJ's specific and explicit credibility determination as to Osborn's testimony sufficiently implies a rejection of Mrs. Osborn's testimony as well"). Any error here is harmless.

*Credibility*

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms.  *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.*   Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing

-7-

so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ found that "the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision" (R. 19). Plaintiff contends that his credibility determination does not offer enough reasoning to support the ALJ's determination that the claimant is not credible. According to Plaintiff: "the ALJ cherry picked evidence from a few, certain days when Mr. Cochran was feeling a bit better to support the residual functional determination, but ignoring other evidence supporting Mr. Cochran's assertions. Perhaps, if the ALJ would have considered all of the medical evidence, he would have reached a different conclusion regarding Mr. Cochran's credibility." (Brief at 11).

In his decision, the ALJ set forth *all* of the treatment notes and all of the testimony; and Plaintiff fails to identify any medical evidence that was "ignored." In addition to noting the positive response to treatment reflected in the medical records, the ALJ noted Plaintiff's many reported activities of daily living, including his search for work (R. 16, 19-20). Although not dispositive, a claimant's activities may show that the claimant's symptoms are not as limiting as alleged. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 96-7p; *see also Moore v. Barnhart,* 405 F.3d 1208, 1213 (11th Cir. 2005) (noting that "[t]he ALJ's RFC determination also drew on findings of an inconsistency between Moore's own testimony as to her daily activities and her claims of impairment."). Moreover, the ALJ also relied on the findings of the state agency psychologists, which are consistent with the RFC. There is no support for a contention that the ALJ reached his conclusions by considering only a few treatment notes.

To the extent Plaintiff's contentions amount to an argument that other evidence or other inferences from the evidence could support a different finding, such is not the standard here. "The question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r, Soc. Sec. Admin.*, 421 F. App'x 935, 939 (11th Cir. 2011). Here, the ALJ provided a detailed analysis of the evidence of record, supplied a rationale for his findings, and these conclusions are supported by the evidence he cites. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted).

*The testimony of the Vocational Expert*

Plaintiff's final contention is that the testimony of the Vocational Expert was flawed in that, although he was able to identify three jobs, "it is not clear that the hypothetical question posed to the vocational expert and relied on by the ALJ accurately portrayed the claimant's individual limitations, since the ALJ failed to state the weight he assigned to any medical provider in the record."

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.,* 363 F. 3d 1155, 1161 (11th Cir. 2004). Although Plaintiff contends that the hypothetical presented to the Expert did not "fully and accurately" reflect Plaintiff's condition, he does not dispute that it includes the limitations found by the ALJ. To the extent the argument merely reiterates Plaintiff's earlier contention that the ALJ failed to state the weight assigned to the opinions of the providers, it

is unpersuasive, for the reasons set forth above. The VE's testimony provided substantial evidence to support the ALJ's conclusion that Plaintiff could perform work.

While it is clear that Plaintiff is experiencing real difficulties and challenges, the law defines disability as the inability to do *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, the decision must be affirmed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 10, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record